Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
Richard A. Zimmerman (RZ 0963)
(212) 962-1818
Patrick C. Crilley (PC 9057)
*Of Counsel*
(212) 619-1919

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

BLUE MARINE SHIPPING LTD., INC.,

           Plaintiff,

-against-

COMEXPORT LTD.,

           Defendant.
-------------------------------------------------------x

RECEIVED
JUN 19 2008
U.S.D.C. S.D. N.Y.
CASHIERS

ECF CASE

08 Civ 5562 (HB)

**VERIFIED COMPLAINT**

Plaintiff, BLUE MARINE SHIPPING LTD., INC., GmbH ("Blue Marine"), by its attorneys, Richard A. Zimmerman, Esq., and Patrick C. Crilley, Esq., of counsel, complaining of the Defendant, COMEXPORT LTD., ("ComExport"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333, as hereafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all material times, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of a foreign jurisdiction.

3. At all material times, Defendant ComExport was, and still is, a foreign corporation or other business entity with its principal place of business and offices at the address 788-790 Finchley Road, London NW11 7TJ, United Kingdom.

4. Defendant ComExport was, at all material times, the charterer of the motor vessel "SAMI CANBAZ" (the "Vessel").

5. Plaintiff Blue Marine was, at all material times, the owner or disponent owner of the Vessel.

6. On or about January 21, 2008, Plaintiff Blue Marine, as owner, entered into a contract of Charter Party with Defendant ComExport, as charterer, for the voyage charter of the Vessel, for one voyage loading at the Chinese port of Dalian for discharge at the Black Sea port of Novorossiysk, for the carriage of a cargo maximum 18,200 metric tonnes, five-percent less in charterer's option, of steel coils.

7. Defendant breached the Charter Party contract in failing to load and pay for the carriage of the minimum contracted cargo quantity and/or failure to pay deadfreight calculated upon the minimum contracted cargo quantity, in the amount $122,791.90

8. Defendant further breached the Charter Party contract by failing to pay to Owner shifting charges which were for Charterer's account at the loading port in the amount $15,670.00.

9. Defendant further breached the Charter Party contract by failing to pay demurrage charges properly due the Owner in the amount $69,079.44.

10. Plaintiff Blue Marine has fulfilled its obligations under the Charter Party contract.

11. As a result of Defendant's aforesaid breaches, Plaintiff suffered damages in the amount $207,541.34, exclusive of interest, costs and reasonable attorneys' fees.

12. There remains owing to Plaintiff Blue Marine the sum of $207,541.34 from the Defendant, which Defendant has failed to pay when duly demanded.

13. The Charter Party contains an agreement to arbitrate disputes in London under English law.

14. Despite due demand, Defendant has failed to pay or otherwise secure the Plaintiff's claim. Therefore, arbitration has commenced, or will soon commence, in London, and Plaintiff reserves its right to pursue all of the remedies to which it is entitled in that arbitration.

15. Costs and attorney's fees are routinely awarded to the prevailing party in arbitration proceedings guided by English law. As best can now be determined, Plaintiff estimates that such costs and attorneys' fees related to the London arbitration will be approximately $75,000.00.

16. Interest is routinely awarded to the prevailing party in arbitration proceedings guided by English law. As best can now be determined, Plaintiff estimates that such interest to be awarded at the end of the arbitration proceedings, and up to the date of collection will be approximately $33,120.00, calculated at eight percent of the principal claim for a period of two years.

17. As a result of Defendant's aforesaid breach of its obligations under the Charter Party, Plaintiff now estimates that it has been or will soon be damaged in the following amounts:

| | |
|---|---|
| a) Deadfreight, Demurrage & Shifting Charges | $ 207,541.34 |
| b) Costs of prosecuting Plaintiff's arbitration proceedings against Defendant in London | $ 75,000.00 |
| c) Interest to be awarded in the arbitration | $ 33,120.00 |

| | | |
|---|---|---|
| Total anticipated damages | - | $ 315,661.34 |

18. Upon information and belief, and after investigation, Defendant ComExport cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia* cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter "Assets"), including but not limited to Assets at or moving through banking institutions including but not limited to The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank Of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment Bank, Deutsche Bank, the Bank of China, Danske Bank, Barclays Bank, BNP Paribas, Bangue Cantonale de Geneve, and/or Commerce Bank.

19. Based upon the foregoing, therefore, the total sum of Assets sought to be restrained belonging to Defendant in this action is $315,661.34.

WHEREFORE, Plaintiff prays:

1. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged.

2. That if the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules of Civil Procedure, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules of Civil Procedure and the United States Arbitration Act, 9 U.S.C. § 8, attaching all claims, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant, including any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, assets held by or at The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank Of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment Bank, Deutsche Bank, the Bank of China, Danske Bank, Barclays Bank, Bangue Cantonale de Geneve, BNP Paribas, and/or Commerce Bank up to and including the amount of $2315,661.34 to secure the Plaintiff's

claims including interest and costs, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged.

3. That Plaintiff may have judgment for its claims as aforesaid in the total amount of $315,661.34.

4. That in the event the Writ of Attachment issued herein restrains the property of the defendant found within this district and

   i) notice has been properly served upon the defendant in the manner required by Rule B(2) of the F.R.C.P. Supplemental Rules for Admiralty or Maritime Claims and Rule B(2) of the Local Rules of United States District Courts for the Southern and Eastern Districts of New York; and

   ii) the defendant fails to appear before this Court; and

   iii) upon application of plaintiff,

default judgment be granted to plaintiff in the amount of provable damages limited to the extent of the property subjected to the process of maritime attachment.

5. That in the event defendant appears in the action following such maritime attachment and garnishment, and upon the application of a party, the Court stay further proceedings pending the issuance of an arbitration award, and retain jurisdiction for the purpose of entering judgment on the award against the property subjected to the process of maritime attachment.

6. That Plaintiff may have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       June 19, 2008

                                              Patrick C. Crilley (PC 9057)
Of Counsel to
Richard A. Zimmerman (RZ 0963)
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
(212) 619-1919

## VERIFICATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

Patrick C. Crilley verifies the following:

1. I am an attorney and acting as such "of counsel" to Richard A. Zimmerman, the attorney for the Plaintiff herein, and make the following Verification pursuant to the Federal Rules of Civil Procedure, Supplemental Rule B, 28 USC §1746, and the Local Rules of the United States District Court for the Southern District of New York. I have read the foregoing Verified Complaint, know the contents thereof, and believe the same are true to the best of my information and belief which is based upon an examination of documents provided by Plaintiff herein.

2. The reason that this Verification is made by the undersigned rather than by Plaintiff is that Plaintiff is a foreign corporation none of whose officers or directors is within the District.

3. Deponent is authorized to make this Verification on behalf of Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
Executed on the 19th day of June, 2008.

Patrick C. Crilley
233 Broadway - Suite 2202
New York, New York 10279
(212) 619-1919